## DOTY, APPELLANT, *v.* REECE, RESPONDENT.

### (No. 3,988.)

(Submitted March 17, 1917.  Decided March 27, 1917.)

[164 Pac. 542.]

*Election Contest—Attorney's Fee — Constitution—Appeal and Error.*

Election Contest—Attorney's Fee—Discretion.
1.   Under sections 48 and 49 of the Corrupt Practices Act (Laws 1913, pp. 612, 613), the prevailing party in an election contest, be he petitioner or respondent, is entitled to attorneys' fees in addition to his other costs and disbursements, the amount to be awarded in that behalf resting upon the sound discretion of the trial court.

[As to "expenses" as including counsel fees, see note in **Ann. Cas.** 1914C, 1300.]

Same—Attorney's Fee—Statute—Constitutionality.
2.   *Held,* that sections 48 and 49 of the Corrupt Practices Act, awarding the successful party in an election contest attorney's fees, *etc.,* are not open to constitutional objections that they deny to the unsuccessful one the equal protection of the laws, grant to the former a special privilege not enjoyed by successful litigants in other cases, violate the provision that justice shall be administered without sale, denial or delay, and constitute an attempt to delegate legislative power to the courts.

Same—Appeal and Error—Assigning Error for Party not Appealing.
3.   Appellant (petitioner) in an election contest was not in a position to raise the point that, because the sureties on the bond required of him before instituting the proceeding were not given their day in court previous to granting his opponent attorneys' fees, the award was not warranted.

*Appeal from First Judicial District Court, Lewis and Clark County; R. Lee Word, Judge.*

ELECTION CONTEST by Martin Doty against Frank L. Reece. From a judgment dismissing the contest and awarding contestee an attorney's fee, contestant appeals.   Affirmed.

*Mr. C. A. Spaulding* and *Mr. J. R. Wine,* for Appellant, submitted a brief; *Mr. Spaulding* argued the cause orally.

The statute in question is violative of section 1 of the Fourteenth Amendment of the Constitution of the United States, in that it denies to litigants in other classes of cases, as well as the penalized litigant in election contest cases, the equal protection of the law.   It is likewise violative of section 26 of Article V

of the Constitution of Montana, in that it grants to successful litigants in election contest cases a special privilege not enjoyed by successful litigants in other classes of litigation. This is not a matter of first impression here. This court in the case of *Mills* v. *Olsen,* 43 Mont. 129, 115 Pac. 33, tacitly held invalid section 7166 of the Revised Codes of Montana, providing for attorney's fees upon the foreclosure of a mechanic's lien. In doing so this court had occasion to remark that the reasoning of the many cases holding similar statutes unconstitutional "is unanswerable," and so it is. That legislation of this kind is violative of the constitutional principles above adverted to, see *Gulf, C. & S. F. R. Co.* v. *Ellis,* 165 U. S. 150, 41 L. Ed. 666, 17 Sup. Ct. Rep. 255; *Builders' Supply Depot* v. *O'Connor,* 150 Cal. 265, 119 Am. St. Rep. 193, 11 Ann. Cas. 712, 17 L. R. A. (n. s.) 909, 88 Pac. 982; *Stimson Mill Co.* v. *Nolan,* 5 Cal. App. 754, 91 Pac. 262; *Merced Lumber Co.* v. *Bruschi,* 152 Cal. 372, 92 Pac. 844; *Hill* v. *Clark,* 7 Cal. App. 609, 95 Pac. 382; *Farnham* v. *California etc. Trust Co.,* 8 Cal. App. 266, 96 Pac. 788; *Los Angeles etc. Brick Co.* v. *Higgins,* 8 Cal. App. 514, 97 Pac. 414, 418, 420; *State* v. *Cudahy Packing Co.,* 33 Mont. 179, 114 Am. St. Rep. 804, 8 Ann. Cas. 717, 82 Pac. 833; *Hotchkiss* v. *Marion,* 12 Mont. 218, 29 Pac. 821; *Ex parte Sohncke,* 148 Cal. 262, 113 Am. St. Rep. 236, 7 Ann. Cas. 475, 2 L. R. A. (n. s.) 813, 82 Pac. 956; *Rodge* v. *Kelly,* 88 Miss. 209, 117 Am. St. Rep. 733, 11 L. R. A. (n. s.) 635, 40 South. 552; *State ex rel. Garrabad* v. *Dering,* 84 Wis. 585, 36 Am. St. Rep. 948, 19 L. R. A. 858, 54 N. W. 1104; *Union County Bank* v. *Ozan Lumber Co.,* 127 Fed. 206; *Kellyville Coal Co.* v. *Harrier,* 207 Ill. 624, 99 Am. St. Rep. 240, 69 N. E. 927; *Yick Wo* v. *Hopkins,* 118 U. S. 356, 30 L. Ed. 220, 6 Sup. Ct. Rep. 1064; *Cotting* v. *Godard,* 183 U. S. 79, 46 L. Ed. 92, 22 Sup. Ct. Rep. 30; *May* v. *People,* 1 Colo. App. 157, 27 Pac. 1010; *State* v. *Hinman,* 65 N. H. 103, 23 Am. St. Rep. 22, 18 Atl. 194; *Hayes* v. *Missouri,* 120 U. S. 68, 30 L. Ed. 578, 7 Sup. Ct. Rep. 350; *City of Spokane* v. *Macho,* 51 Wash. 322, 130 Am. St. Rep. 1100, 21 L. R. A. (n. s.) 263,

98 Pac. 755; *Town of Fulton* v. *Norteman,* 60 W. Va. 562, 9
L. R. A. (n. s.) 1196, 55 S. E. 658.

This statute is also violative of section 6 of Article III of
the Constitution of Montana. (*Davidson* v. *Jennings,* 27 Colo.
187, 83 Am. St. Rep. 49, 48 L. R. A. 340, 60 Pac. 354; *Wilder*
v. *Chicago & W. M. Ry. Co.,* 70 Mich. 382, 38 N. W. 289; *Schut*
v. *Chicago & W. M. Ry. Co.,* 70 Mich. 433, 38 N. W. 291; *Kinear*
v. *Grand Rapids & I. R. Co.,* 70 Mich. 620, 38 N. W. 599.)

The statute under consideration is likewise invalid by reason
of its delegation of legislative authority. (*State* v. *Holland,*
37 Mont. 393; *State* v. *Great Northern R. Co.,* 100 Minn. 445,
10 L. R. A. (n. s.) 250, 111 N. W. 289; Cooley's Constitutional
Limitations, 6th ed., p. 137; *Anderson* v. *Manchester Fire Assur.
Co.,* 59 Minn. 182, 50 Am. St. Rep. 400, 28 L. R. A. 609, 60
N. W. 1095, 63 N. W. 241; *O'Neil* v. *American Fire Ins. Co.,*
166 Pa. 72, 45 Am. St. Rep. 650, 26 L. R. A. 715, 30 Atl. 945.)
''Except where authorized by the Constitution, as in respect
to municipalities, the legislature cannot delegate legislative power
to determine what shall be the law. The legislature only must
determine what it shall be.'' (*State ex rel. Hahn* v. *Young,*
29 Minn. 474, 9 N. W. 737.)

*Mr. C. E. Pew, Mr. Henry C. Smith* and *Mr. Ed. Phelan,*
for Respondent, submitted a brief; *Mr. Pew* and *Mr. Phelan*
argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

At the last general election, the appellant and the respondent
were rival candidates for the office of clerk of the district court
in and for Lewis and Clark county. Upon the final canvass the
respondent was declared elected, and the appellant brought this
proceeding to contest the result so declared. He failed to sus-
tain his contest, and the court in its judgment, dismissing the
same, awarded to the respondent $200 as attorney's fees. The
purpose of this appeal is to raise the question whether such
award was warranted, and the appellant's claim is that it was

not, because: (a) There is no statute authorizing it; (b) if there is any such statute, the same is unconstitutional; (c) the award was made as against appellant's sureties without giving them a day in court.

(a) This proceeding was brought under what is commonly [1]    called the Corrupt Practices Act, passed by the people at the general election of 1912 (Session Laws 1913, p. 593 *et seq.*), which provides, among other things, for contesting elections. Section 48 of this enactment is, in part, as follows: ''Any petition contesting the right of any person to a nomination or election shall set forth the name of every person whose election is contested, and the grounds of the contest.  *  *  *  Before any proceeding thereon the petitioner shall give bond to the state in such sum as the court may order,  *  *  *  conditioned to pay all costs, disbursements and attorney's fees that may be awarded against him if he shall not prevail.  If the petitioner prevails, he may recover his costs, disbursements and reasonable attorney's fees against the contestee.  But costs, disbursements and attorney's fees, in all such cases, shall be in the discretion of the court, and in case judgment is rendered against the petitioner it shall also be rendered against the sureties on the bond.  *  *  *  '' Section 49 also provides: ''  *  *  *  If more than one petition is pending, or the election of more than one person is contested, the court may, in its discretion, order the cases to be heard together, and may apportion the costs, disbursements and attorneys' fees between them.  *  *  *  '' We think the clear implication of these provisions is that the prevailing party, whether a petitioner or respondent, shall be entitled to attorney's fees in addition to his other costs and disbursements, the amount to be awarded in that behalf to stand upon the sound discretion of the court.  The language employed is not precise, but the greater part of it would have to be ignored to justify any other conclusion.

(b) This being their effect, can these provisions be upheld? [2]    Appellant insists they cannot for these reasons: They subject the unsuccessful party in an election contest to a penalty

not visited upon other unsuccessful litigants, and therefore deny to him the equal protection of the laws guaranteed by section 1 of the Fourteenth Amendment to the federal Constitution; they grant to the successful party in an election contest a special privilege not enjoyed by successful litigants in other cases, contrary to section 26, Article V, of the state Constitution; they are violative of section 6, Article III, of the state Constitution, which provides that the courts of this state shall be open to every person and that justice shall be administered without sale, denial or delay; and they constitute an attempt to delegate legislative power and authority to the courts.

To support the first two of these specifications, counsel rely upon *Mills* v. *Olsen,* 43 Mont. 129, 115 Pac. 33, and a number of cases from other jurisdictions referred to in that decision and cited in the brief of appellant here. In *Mills* v. *Olsen,* the constitutionality of section 7166, Revised Codes, authorizing an award of attorney's fees to the successful claimant under a mechanic's lien, was challenged; but this court, without express discussion or decision of the question, contented itself with approval of the reasoning of the authorities referred to. Typical of these authorities, and in fact the controlling case, is *Gulf, C. & S. F. Ry. Co.* v. *Ellis,* 165 U. S. 150, 41 L. Ed. 666, 17 Sup. Ct. Rep. 255, wherein a Texas statute authorizing the successful claimant of certain causes of action against railroad companies, to recover attorneys' fees, was annulled as a denial of the equal protection of the laws. The grounds of this decision are thus interestingly stated: "It is simply a statute imposing a penalty upon railroad corporations for a failure to pay certain debts. No individuals are thus punished, and no other corporations. The Act singles out a certain class of debtors and punishes them when for like delinquencies it punishes no others. They are not treated as other debtors, or equally with other debtors. They cannot appeal to the courts as other litigants under like conditions and with like protection. If litigation terminates adversely to them, they are mulcted in the attorneys' fees of the successful plaintiff; if it terminates in their favor, they recover

no attorneys' fees. It is no sufficient answer to say that they are punished only when adjudged to be in the wrong. They do not enter the courts upon equal terms. They must pay attorneys' fees if wrong; they do not recover any if right; while their adversaries recover if right and pay nothing if wrong. In the suits, therefore, to which they are parties, they are discriminated against, and are not treated as others. They do not stand equal before the law. They do not receive its equal protection. * * * It is, of course, proper that every debtor should pay his debts, and there might be no impropriety in giving to every successful suitor attorneys' fees. Such a provision would bear a reasonable relation to the delinquency of the debtor, and would certainly create no inequality of right or protection.'' In our opinion, there is not the slightest analogy between the statute so incisively analyzed and the statute before us. The statute before us applies to all election contests, it treats the adverse parties thereto alike, and, if it would be proper to give attorneys' fees to every successful litigant in actions to recover money, it is equally so to give attorneys' fees to every successful litigant in actions brought to contest elections.

The appeal to section 26, Article V, of the state Constitution, is also without merit. The provision there is: ''The legislative assembly shall not pass local or special laws in any of the following enumerated cases, that is to say: * * * Granting to any corporation, association or individual the right to lay down railroad tracks, or any special or exclusive privilege, immunity or franchise whatever.'' The Act before us does not grant or attempt to grant to any particular corporation, association or individual any special or exclusive privilege or immunity; it is a general law applicable alike to all persons within a class, and the provision invoked has nothing to do with it. Doubt no longer exists touching the right of the state through its legislature to classify, so long as such classification rests upon some difference which bears a reasonable and just relation to the matter in respect to which the classification is proposed (*Gulf etc. Ry. Co.* v. *Ellis, supra; Hill* v. *Rae*, 52 Mont. 378,

*et cit.,* 158 Pac. 826); and we think that election contests not only form a perfect class for special treatment because of their intimate relation to a matter of great public concern, but they also present special reasons for the particular discrimination here involved.

Nor does section 6 of Article III of the state Constitution afford any objection to the award in question. In *Wortman* v. *Kleinschmidt,* 12 Mont. 316, 30 Pac. 280, a similar criticism was leveled at the statute allowing attorneys' fees to claimants under mechanics' liens; but it was held to be unavailing. True, the later case of *Mills* v. *Olsen*—accepting it as decisive—overturned a similar statute, but the reasoning invoked had to do with the guaranty of the equal protection of the laws. As a decision against the application of section 6, Article III, *Wortman* v. *Kleinschmidt* is still in effect.

The argument against the statute as delegating to the courts the power to say when attorneys' fees may and when they may not be allowed in election contests, falls to the ground in view of the conclusion above announced that the discretion of the court goes only to the amount which shall be allowed in each instance.

(c) Appellant is not in position to complain that his sureties [3] have not had their day in court. As long as they have not appealed and are apparently satisfied, their situation is no concern of his.

The judgment is affirmed.

*Affirmed.*

Mr. JUSTICE HOLLOWAY concurs.

Mr. CHIEF JUSTICE BRANTLY, being absent, did not hear the argument and takes no part in the above decision.

Rehearing denied April 23, 1917.